**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff-Respondent,  ) | |
| ) | |
| vs.  ) | Case No.  CR-03-6-M |
| ) | (CIV-07-385-M) |
| KENNETH EUGENE BOWIE,  ) | |
| ) | |
| Defendant-Movant.  ) | |

**ORDER**

Defendant-Movant Kenneth Eugene Bowie ("Bowie"), a federal prisoner, filed a "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody" on April 2, 2007.  On May 17, 2007, plaintiff-respondent United States of America filed its response, and on May 31, 2007, Bowie filed a reply.

I.   Background

On May 8, 2003, a forty-eight-count Superseding Indictment was returned by the grand jury in the Western District of Oklahoma, charging Bowie, his wife, and seven others with drug and firearm offenses.  On February 9, 2004, a two-count Superseding Information was filed, charging Bowie with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  Pursuant to a written plea agreement, Bowie pled guilty to each count.

A presentence investigation report was prepared, to which Bowie filed a response and objection.  Additionally, both the government and Bowie filed sentencing memorandums.  On August 30, 2004, the Court conducted a sentencing hearing and sentenced Bowie to consecutive terms of 120 months' incarceration on Count 1 and 60 months' incarceration on Count 2.  The Court

then imposed an identical alternative sentence, to be effective if the United States Sentencing Guidelines are later found to be unconstitutional in their entirety, and imposed a second alternative sentence of eighty-one months' incarceration, to be effective if only the upward enhancements of the United States Sentencing Guidelines are found to be unconstitutional.

Bowie appealed his sentence to the United States Court of Appeals for the Tenth Circuit. In an unpublished opinion issued December 8, 2005, the Tenth Circuit affirmed Bowie's sentence. *United States v. Bowie*, 164 Fed. Appx. 667 (10th Cir. Dec. 8, 2005). Bowie timely filed a Petition for Writ of Certiorari. On April 3, 2006, the United States Supreme Court denied Bowie's petition. *Bowie v. United States*, 547 U.S. 1062 (2006).

II.     Discussion

Bowie asserts the following grounds in support of his § 2255 motion: (1) pursuant to *United States v. Booker*, 543 U.S. 220 (2005), he is entitled to the second alternative sentence the Court imposed, and (2) while the Court violated *Booker* by applying mandatory guidelines when sentencing him, the application of advisory guidelines would violate his plea agreement.

A.     Entitlement to second alternative sentence

"Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255." *United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989). In his direct appeal, Bowie requested the Tenth Circuit to remand his case to the district court to impose the second alternative sentence. The Tenth Circuit held that such a remand was not appropriate. *Bowie*, 164 Fed. Appx. at 672. No relevant intervening change in the law has occurred.

Accordingly, the Court finds that Bowie's first ground for relief should be denied.

B. Violation of plea agreement

The government asserts that because Bowie did not raise this ground for relief in his direct appeal, it is procedurally barred. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotations and citations omitted). "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *Id.* at 378. "If the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown." *Id.*

The "cause and prejudice" standard requires a defendant to show not only that "some objective factor external to the defense" impeded his efforts to raise the issue, *Coleman v. Thompson*, 501 U.S. 722, 753 (1991), but also that the error he alleges "worked to his actual and substantial disadvantage." *United States v. Frady*, 456 U.S. 152, 170 (1982). Cause may be established by showing that the factual or legal basis for a claim was not reasonably available to the defendant at the time, that interference by governmental officials made compliance impracticable, or that counsel was constitutionally ineffective. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A "fundamental miscarriage of justice" means that the defendant is actually innocent of the offense. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

On his appeal to the Tenth Circuit, Bowie did not raise the issue of the violation of his plea agreement by the application of advisory guidelines. Having carefully reviewed the parties' submissions, the Court finds that Bowie has neither shown cause for his procedural default and

actual prejudice resulting from the alleged error nor shown that a fundamental miscarriage of justice will result if this ground for relief is not addressed. In his reply, Bowie states that the Tenth Circuit's decision is "clearly erroneous" and "works a manifest injustice." Bowie, however, does not set forth how the factual or legal basis for this ground for relief was not reasonably available to him at the time of his appeal, how interference by governmental officials made compliance impracticable, or how his counsel was constitutionally ineffective. Further, Bowie does not assert that he is actually innocent of the offense. Accordingly, the Court finds that this ground for relief is procedurally barred.

    C.    Evidentiary Hearing

As set forth above, Bowie's motion does not set forth a basis for relief from his sentence. Because that conclusion is conclusively shown from the record and from the nature of Bowie's claims, the Court finds there is no need for an evidentiary hearing on this motion. *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995); *United States v. Marr*, 856 F.2d 1471 (10th Cir. 1988); 28 U.S.C. § 2255.

III.    Conclusion

For the reasons set forth above, the Court DENIES Bowie's "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody."

**IT IS SO ORDERED this 11th day of September, 2007.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE